ROBERT HAWK (Bar No. 118054)
robert.hawk@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025
Telephone: (650) 324-7000
Facsimile:  (650) 324-0638

CHAD R. FULLER (Bar No. 190830)
chad.fuller@hellerehrman.com
CHRISTOPHER J. LONGMAN (Bar No. 234473)
chris.longman@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
LONG BEACH ACCEPTANCE CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAVANT TECHNOLOGIES, INC. <br><br>             Plaintiff, <br><br>   v. <br><br> LONG BEACH ACCEPTANCE CORP. <br><br>             Defendant. | Case No.:  C08 3582 PVT <br><br> **ANSWER OF LONG BEACH ACCEPTANCE CORP. TO PLAINTIFF'S COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Pursuant to Rules 8, 12, 13, and 15 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Long Beach Acceptance Corp. ("LBAC") answers the Complaint of plaintiff Tavant Technologies, Inc. ("Tavant") as follows:

**JURISDICTION AND VENUE**

1.    LBAC lacks information sufficient to form a belief as to whether Tavant is qualified to do business in the State of California and on that basis denies the allegation. LBAC admits the remaining allegations of paragraph 1 of the Complaint.

2.    LBAC admits the allegations of paragraph 2 of the Complaint.

3.    LBAC admits that Tavant purports to name DOES 1 through 50 as defendants in this action. Such unknown defendants are to be disregarded for purposes of this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a). To the extent it is required, LBAC denies the remainder of the allegations of paragraph 3 of the Complaint.

**FACTUAL ALLEGATIONS**

4.    LBAC denies that venue and jurisdiction are proper in the County of Santa Clara, State of California. This action has been removed to the U.S. District Court for the Northern District of California, San Jose Division. LBAC admits that Tavant is headquartered in the City of Santa Clara with offices at 3101 Jay Street, Suite 101. LBAC lacks information sufficient to form a belief as to whether the written agreement was entered into or substantially performed in the County of Santa Clara and on that basis denies the allegations. LBAC admits that the agreement provides that it shall be governed by the laws of the State of California. LBAC denies the remaining allegations of paragraph 4 of the Complaint.

5.    LBAC admits that it entered into a written "Technology Agreement" with Tavant dated as of August 15, 2006. LBAC admits that a true and correct copy of the Technology Agreement was attached as Exhibit "A" to the Complaint. LBAC states that the Technology Agreement speaks for itself and that its construction and application are legal conclusions to which no response is required.

6.    LBAC lacks information sufficient to form a belief as to whether any oral agreement existed between LBAC and Tavant prior to the execution of the written Technology Agreement and

on that basis denies the allegation. LBAC further states that the existence and effect of any oral agreement between the parties is a legal conclusion to which no response is required. LBAC denies the remainder of the allegations of paragraph 6 of the Complaint.

7. LBAC states that the Technology Agreement speaks for itself and that its construction and application are legal conclusions to which no response is required.

8. LBAC lacks information sufficient to form a belief regarding the allegations of paragraph 8 and on that basis denies the allegations of paragraph 8.

9. LBAC states that the Technology Agreement speaks for itself and that its construction and application are legal conclusions to which no response is required.

10. LBAC admits that on or about January 25, 2007 it gave Tavant notice of LBAC's intention to terminate the Technology Agreement effective February 26, 2007. LBAC denies the remaining allegations of paragraph 10 of the Complaint.

11. LBAC admits the allegations of paragraph 11 of the Complaint.

12. LBAC denies that any debt is owing from LBAC to Tavant and on that basis denies the allegations of paragraph 12 of the Complaint.

### FIRST CAUSE OF ACTION

13. LBAC incorporates its responses to paragraphs 1-12 of the Complaint as though fully set forth herein.

14. LBAC lacks information sufficient to form a belief as to whether any oral agreement concerning the subject matter of the Technology Agreement existed between LBAC and Tavant and on that basis denies the allegation. LBAC further states that the existence and effect of any oral agreement between the parties is a legal conclusion to which no response is required. LBAC states that the Technology Agreement speaks for itself and that its construction and application are legal conclusions to which no response is required. To the extent an answer is required, LBAC denies the allegations of paragraph 14 of the Complaint.

15. LBAC denies the allegations of paragraph 15 of the Complaint.

16. LBAC denies the allegations of paragraph 16 of the Complaint.

17. LBAC denies the allegations of paragraph 17 of the Complaint.

### SECOND CAUSE OF ACTION

18. LBAC incorporates its responses to paragraphs 1-17 of the Complaint as though fully set forth herein.

19. The allegation that the Technology Agreement carried an implied covenant of good faith and fair dealing is a legal conclusion to which no response is required. LBAC denies the remaining allegations of paragraph 19 of the Complaint.

20. LBAC denies the allegations of paragraph 20 of the Complaint.

21. LBAC denies the allegations of paragraph 21 of the Complaint.

### THIRD CAUSE OF ACTION

22. LBAC incorporates its responses to paragraphs 1-21 of the Complaint as though fully set forth herein.

23. LBAC denies the allegations of paragraph 23 of the Complaint.

24. LBAC lacks information sufficient to form a belief regarding the total amount it has paid to Tavant and on that basis denies the allegation of the first sentence of paragraph 24 of the Complaint. LBAC denies the remaining allegations of paragraph 24 of the Complaint.

### FOURTH CAUSE OF ACTION

25. LBAC incorporates its responses to paragraphs 1-24 of the Complaint as though fully set forth herein.

26. LBAC denies the allegations of paragraph 26 of the Complaint.

27. LBAC denies that any amounts are due and owing from LBAC to Tavant and on that basis denies the allegations of paragraph 27 of the Complaint.

### FIFTH CAUSE OF ACTION

28. LBAC incorporates its responses to paragraphs 1-27 of the Complaint as though fully set forth herein.

29. LBAC lacks information sufficient to form a belief as to whether any oral agreement concerning the subject matter of the Technology Agreement existed between LBAC and Tavant and on that basis denies the allegation. LBAC further states that the existence and effect of any oral agreement between the parties is a legal conclusion to which no response is required. LBAC states

that the Technology Agreement speaks for itself and that its construction and application are legal conclusions to which no response is required.  LBAC denies the remaining allegations of paragraph 29 of the Complaint.

30. LBAC denies the allegations of paragraph 30 of the Complaint.

31. LBAC denies the allegations of paragraph 31 of the Complaint.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

32. Tavant's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel and/or Waiver)**

33. Tavant's claims are barred by the doctrines of estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

**(Release)**

34. Tavant's claims are barred because Tavant released LBAC from any and all liability.

### FOURTH AFFIRMATIVE DEFENSE

**(Ratification)**

35. Tavant's claims are barred because Tavant ratified the acts and transactions alleged in its Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Perform)**

36. Tavant's claims are barred on the ground that Tavant failed to fulfill its obligations under any and all applicable agreements.

### SIXTH AFFIRMATIVE DEFENSE

**(Excuse, Justification, Failure of Condition Precedent)**

37. Tavant's claims are barred by the doctrines of excuse, justification, and failure of a condition precedent.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

38. Tavant's claims are barred by the doctrine of unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

39. Tavant's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40. Tavant's claims are barred by the doctrine or unclean hands.

### TENTH AFFIRMATIVE DEFENSE

### (Breach of Implied Duty of Good Faith and Fair Dealing)

41. Tavant's claim for breach of the implied duty of good faith and fair dealing is barred because Tavant itself breached this implied duty toward LBAC.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Damage or Loss)

42. Tavant's claims are barred because Tavant has suffered no legally cognizable damage.

### TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

43. If Tavant suffered any damages, none being admitted, Tavant failed to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

44. Tavant's claims are barred by operation of the applicable statutes of limitation.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

45. Tavant's claims, to the extent they are based on an alleged oral contract, are barred by operation of the applicable statute of frauds.

## PRAYER FOR RELIEF

WHEREFORE, LBAC request the Court to enter a judgment in its favor and against Tavant as follows:

A. Dismiss the Complaint in its entirety and with prejudice;

B. Enter judgment in favor of LBAC and against Tavant;

C. Declare that LBAC has not breached the Technology Agreement;

D. Declare that LBAC has not breached the implied duty of good faith and fair dealing;

E. Declare that LBAC does not owe Tavant compensation for services provided;

F. Declare that LBAC does not owe Tavant compensation for an account stated;

G. Declare that LBAC does not owe Tavant compensation under the doctrine of quantum meruit; and

H. Grant such further relief as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), LBAC demands a trial by jury on all issues so triable.


August 1, 2008                           HELLER EHRMAN LLP


                                         By  /s/ Robert Hawk
                                              Robert Hawk
                                              Chad Fuller
                                              Christopher Longman

                                         ATTORNEYS FOR
                                         LONG BEACH ACCEPTANCE CORP.

1  ROBERT B. HAWK (Bar No. 118054)
   robert.hawk@hellerehrman.com
2  HELLER EHRMAN LLP
   275 Middlefield Road
3  Menlo Park, California 94025
   Telephone: (650) 324-7000
4  Facsimile:  (650) 324-0638

5
   CHAD R. FULLER (Bar No. 190830)
6  chad.fuller@hellerehrman.com
   CHRISTOPHER J. LONGMAN (Bar No. 234473)
7  chris.longman@hellerehrman.com
   HELLER EHRMAN LLP
8  4350 La Jolla Village Drive, 7th Floor
   San Diego, CA  92122
9  Telephone: (858) 450-8400
10 Facsimile: (858) 450-8499

11
   Attorneys for Defendant
12 LONG BEACH ACCEPTANCE CORP.

13

14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                         (SAN JOSE DIVISION)
17

18

19 TAVANT TECHNOLOGIES, INC.              | Case No.: C08 03582 PVT
20                      Plaintiff,         | **PROOF OF SERVICE**
        v.
21 LONG BEACH ACCEPTANCE CORP.
22                      Defendant.
23

24

25

26

27

28

**PROOF OF SERVICE**

I, Trish Lawton, declare as follows:

    I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Heller Ehrman LLP, 4350 La Jolla Village Drive, 7th Floor, San Diego, CA 92122-1246.

    On August 1, 2008, I served the following document:

**ANSWER OF LONG BEACH ACCEPTANCE CORP. TO PLAINTIFF'S COMPLAINT**

on the parties to this action by placing true and correct copies in a sealed envelope(s) addressed as follows:

Michael J. Ioannou
Kimberly F. Whitfield
Ropers, Majeski, John & Bentley
50 W. San Fernando Street, #11400
San Jose, CA 95113

[ ] <u>BY MAIL</u>: I am readily familiar with the business practice for collection and processing correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelopes were sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Diego, California. I caused the document(s) to be sent by mail via United States Postal Service.

[XX] <u>BY FEDEX</u>. I caused the document(s) identified above to be delivered to the above party(ies) via next business day delivery by FEDEX overnight delivery service.

[ ] <u>BY HAND DELIVERY</u>: I caused the document(s) named above to be delivered by hand to the party(s) identified above by personal delivery at the address indicated above by messenger Careful Courier by the close of business on the date indicated.

[ ] <u>BY FACSIMILE</u>: I caused the document(s) to be sent via facsimile to the party(ies) identified above. The facsimile machine I used complied with California Rules of Court, Rule 2003(3), the transmission was reported as complete, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005, I caused the machine to print a transmission record of the transmission.

1  [ ]   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons listed under parties served at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this proof of service was executed on August 1, 2008, at San Diego, California.

/s/  Trish Lawton
Trish Lawton

2

PROOF OF SERVICE